**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Matias Mauricio Stracke PULLIRO, also known as Mauricio Matias Stracke, also known as Matias Mauricio Stracks, also known as Matias Mauricio Stracke–Pulliro, Defendant–Appellant.**

No. 09–20032
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 2009.

As Revised Oct. 6, 2009.

**944**

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Sarah Beth Landau, Marjorie A. Meyers, Federal Public Defender, Timothy William Crooks, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINGBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Matias Mauricio Stracke Pulliro pled guilty to having been found unlawfully present in the United States subsequent to a prior conviction. He was sentenced to 70 months of imprisonment and a three-year term of supervised release.

In his sole issue on appeal, Pulliro argues that the district court erred in finding that his 2005 Texas conviction for arson was a crime of violence for purposes of the 16–level enhancement provided for by U.S.S.G. § 2L1.2(b)(1)(A)(ii). He maintains that because the Texas statute (TEX. PENAL CODE ANN. § 28.02 (Vernon 2003))

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

does not require intended harm to a person for a conviction, it is broader than the common-law definition of arson. This court recently rejected this same argument in *United States v. Velez–Alderete*, 569 F.3d 541, 544–46 (5th Cir.2009). In light of our holding in *Velez–Alderete*, the district court did not err in applying Section 2L1.2's 16–level enhancement based on Pulliro's prior Texas arson conviction.

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.